determine if there was improper conduct by counsel. Flax merely refers to comments at the end of a page and "interjections" on certain pages. He does not indicate what was objectionable about the comments or the interjections. Nor were the referenced pages attached to the June 30, 2006 letter. Accordingly, Flax's objections to counsel's conduct during depositions are overruled. No discovery relief is afforded on this issue.

### V. Motion for Default Judgment

Flax asks that I impose sanctions against the State in the form of a default judgment, arguing that the State attempted to persuade me that he was noncompliant [*36] with the court orders and arguing also that the State has ignored its duty to follow the requirements of *Rule 26 of the Federal Rules of Civil Procedure.* (D.I. 193.) The State responds that the request is improper under the court's previous scheduling order and is in violation of Local Rule 37.1.

The motion is frivolous and is summarily denied.

### VI. CONCLUSION

Based upon the foregoing analysis, IT IS THEREFORE ORDERED that:

1. The motion for default judgment (D.I. 193) is DENIED.

2. The State shall provide the discovery as directed in the body of this order at Sections IV.C. and IV.G. no later than **August 31, 2006.** No extensions will be allowed and no further argument will be heard on any of the discovery discussed in this order.

3. Discovery is complete and no further discovery shall take place. The parties are placed on notice that the court will summarily deny future discovery motions.

IT IS FURTHER ORDERED that:

1. Case Dispositive Motions. All case dispositive motions, and opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **September 29, 2006.** Briefing will be presented pursuant to the court's [*37] Local Rules.

2. Pretrial Order. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order previously provided to the parties on or before **January 29, 2007.**

3. Pretrial Conference. On **February 27, 2007,** the court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of *Federal Rule of Civil Procedure 26(a)(3).*

4. Trial. This matter is rescheduled for a three day jury trial beginning at 9:30 a.m. on **March 19, 2007.** For the purposes of pretrial preparation, each side should plan on being allocated a total of eight hours to present their case.

KENT A. JORDAN

UNITED STATES DISTRICT JUDGE

August 18, 2006

Wilmington, Delaware





LEXSEE 2009 U.S. DIST. LEXIS 65358

**HANSEN BEVERAGE CO., Plaintiff, v. INNOVATION VENTURES, LLC d/b/a LIVING ESSENTIALS, Defendant.**

**CASE NO. 09-50630**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

*2009 U.S. Dist. LEXIS 65358*

**July 29, 2009, Argued**
**July 29, 2009, Decided**
**July 29, 2009, Filed**

**PRIOR HISTORY:** *Hansen Bev. Co. v. Innovation Ventures, LLC*, 2009 U.S. Dist. LEXIS 46217 ( E.D. Mich., June 2, 2009)

**COUNSEL:** [*1] For Hansen Beverage Company, Plaintiff: Marc Lorelli, LEAD ATTORNEY, Brooks Kushman, Southfield, MI; Mark A. Cantor, LEAD ATTORNEY, Brooks & Kushman (Southfield), Southfield, MI.

For Flowdesign, Incorporated, Movant: John A. Behrendt, Michelle A. Carter, LEAD ATTORNEYS, Bodman, Troy, MI.

**JUDGES:** PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** LAWRENCE P. ZATKOFF

**OPINION**

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse, in the City of Port Huron, State of Michigan, on July 29, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on a motion by a nonparty to the underlying action, Flowdesign, Inc., to quash subpoena [dkt 1]. The motion has been fully briefed. The Court finds that the briefs submitted adequately set forth the relevant law and facts such that oral argument would not aid in the disposition of the instant petition. E.D. Mich. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motion be decided on the briefs submitted. For the reasons set forth below, the motion to quash is GRANTED.

**II. BACKGROUND**

Plaintiff distributes a variety of drink products, including "Monster [*2] Energy" drinks. Non-party Flowdesign, Inc., is an advertising agency in Northville, Michigan, that has assisted Plaintiff in the marketing and promotion of its products. Defendant sells an energy drink called "5-Hour Energy." Plaintiff filed a complaint, alleging that Defendant is misrepresenting its "5-Hour Energy" product. On May 14, 2009, Defendant served a *subpoena duces tecum* on Flowdesign, seeking documents related to Plaintiff's line of beverage products. Flowdesign now seeks to quash the subpoena.



### III. ANALYSIS AND OPINION

The scope of discovery is broad, entitling parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P. 26(b)(1)*. When contemplating restricting discovery, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002)* (quotation omitted). The Court "must limit the . . . extent of discovery otherwise allowed by these rules [*3] . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Fed. R. Civ. P. 26(b)(2)(C)(i)*.

*Rule 45(c) of the Federal Rules of Civil Procedure* permits a party to a suit to seek discovery through a subpoena to a nonparty. Upon a timely motion, the Court must quash a subpoena that "subjects a person to undue burden." *Fed. R. Civ. P. 45(c)(3)(A)*. Whether a burden is undue requires weighing "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co., 26 F.3d 44, 47 (6th Cir. 1994)*. Courts also consider one's status as a nonparty to be a significant factor in the undue-burden analysis. *See, e.g., N.C. Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D.D.C. 2005)*. A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted. *See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996); see also Irons v. Karceski, 74 F.3d 1262, 1264, 316 U.S. App. D.C. 1 (D.C. Cir. 1995)*.

In this matter, Flowdesign argues that the subpoena should [*4] be quashed because "1) the documents sought can as easily be obtained from a less burdensome source--[Plaintiff]; 2) the subpoena is unduly burdensome given [sic] breadth of the request, and especially since [Plaintiff's] advertising is not at issue in this case; and 3) the subpoena is partially duplicative of documents [Defendant] has already demanded that [Plaintiff] produce." Defendant responds that Plaintiff "has served numerous subpoenas on third party vendors and experts . . . without first seeking the documents from [Defendant]." More substantively, Defendant contends that Flowdesign may possess different documents than those possessed by Plaintiff, that the documents sought are relevant because they may illuminate Plaintiff's understanding of the term "energy" or bear on Defendant's affirmative defense of laches, and that any overlap between the documents requested of Flowdesign and those requested of Plaintiff is of no significance.

Defendant's document requests in its subpoena are very broad, including "[a]ll documents and things that FLOWDESIGN prepared for [Plaintiff] that refer or relate to ENERGY DRINK(S)." Defendant also seeks "[a]ll documents and things that refer or [*5] relate to any market research, marketing plans, consumer surveys, concept tests, pricing tests, usage and attitude studies, customer satisfaction studies, and/or community surveys and opinion polls that refer or relate in any way to ENERGY DRINK(S)." Defendant additionally requests each communication between Flowdesign and Plaintiff's attorney, among other correspondences and documents. The Court finds that, in addition to being broad, these requests are obtainable from Plaintiff in a more direct, less burdensome, and more convenient fashion. Defendant avers that the discovery sought relates to Plaintiff's understanding of the term "energy" and knowledge of Defendant's existence. These issues are more appropriately pursued through Plaintiff rather than Plaintiff's advertising agency.

### IV. CONCLUSION

IT IS ORDERED that the motion to quash subpoena is GRANTED.

IT IS SO ORDERED.

/s/ Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated: July 29, 2009