UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN EVELYN SCHULTZ

      Plaintiff,

                                  Case No. 11-50298

v.

                                  District Judge Sean F. Cox
                                  Magistrate Judge Laurie J. Michelson

THE GLIDDEN COMPANY, et. al.,         Eastern Dist. of Wisconsin
                                  Case No. 2:08-CV-00919-RTR

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY
CHRYSLER GROUP LLC'S MOTION TO QUASH [1]**

      On February 24, 2011, Plaintiff Joann Evelyn Schultz, the widow of Donald W. Schultz, a former employee of American Motors Corporation and Chrysler Corporation, served a Non-Party Subpoena on Chrysler Group, LLC, Daimler Chrysler Corporation, American Motors Corporation and Chrysler Group Michigan, LLC, c/o The Corporation Company (collectively "Chrysler") for the production of documents and designation of a 30(b)(6) deponent in connection with a wrongful death lawsuit pending in the Eastern District of Wisconsin. On March 4, 2011, Chrysler moved to Quash the Subpoena. (Dkt. 1.) Ms. Schultz filed a Response Brief on March 22, 2011 (Dkt. 6) and Chrysler filed a Reply on April 1, 2011, (Dkt. 8). The Motion was reassigned to this Court on August 30, 2011 for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkts. 10, 13.) The Court heard oral argument on September 14, 2011. For the reasons set forth below and during the argument, Chrysler's Motion to Quash the subpoena is **GRANTED IN PART AND DENIED IN PART.**

      **1.**      **Background**

Donald Schultz worked as a maintenance painter for American Motors Corporation ("AMC") at its manufacturing plant in Kenosha, Wisconsin from 1959 to 1989. (Pl. Resp. at ECF 8.) Non-party Chrysler purchased AMC in 1987. (Chrysler Mot. at ECF 7.) During his employment at the Kenosha facility, Mr. Schultz was allegedly exposed to benzene and benzene-containing paint and paint-related products. (Pl. Resp. at ECF 8.) Mr. Schultz was diagnosed with acute myeloid leukemia on November 25, 2005 and died on September 23, 2006. (*Id.*) Plaintiff claims that her husband's illness was the result of his exposure to benzene-containing paint and paint-related products and filed a lawsuit in 2008 against The Glidden Co. ("Glidden") and other paint and paint-related product manufacturer and supplier defendants, alleging claims for wrongful death. (Pl. Resp. at ECF 9.) The lawsuit is currently pending in the Eastern District of Wisconsin.

As part of her pre-suit investigation, Plaintiff sought records and information from Chrysler primarily relating to the products, chemicals, and/or other materials Mr. Schultz had worked with at the Kenosha Plant. (Chrysler Mot., Ex. B.) After receiving unsatisfactory responses from Chrysler, Plaintiff elicited the help of the Occupational Safety and Health Administration ("OSHA"). After OSHA intervened, it appears that Chrysler provided Plaintiff with medical and personnel records, Material Safety Data Sheets ("MSDS") for products used at the Kenosha plant during a portion of Mr. Schultz's employment and some industrial hygiene exposure records from the plant, which reflected exposure monitoring in the paint booth/spray operations. (*Id.*, Ex. C; Pl. Resp. at ECF 8-9.) Plaintiff contends that for the 30-year period at issue, Chrysler produced approximately 300 pages of documents. (Pl. Resp. at 9.)

As part of the discovery in her lawsuit, Plaintiff served a non-party subpoena on Chrysler in December 2010 from the Eastern District of Wisconsin seeking additional documents and deposition testimony. Chrysler provided some additional information, but advised Plaintiff that any

additional compliance was impossible, as it had produced all responsive documents and knew of no current employees with personal knowledge responsive to the subpoena. (Chrysler Mot., Ex. E.)

On February 11, 2011, Plaintiff issued another subpoena to Chrysler, this time from the Eastern District of Michigan. That subpoena, which is the subject of the current Motion, seeks to depose a Fed. R. Civ. P. 30(b)(6) witness about – and the production of documents related to – the following topics: (1) industrial hygiene and safety training; (2) exposure to benzene and related monitoring; (3) epidemiology studies; (4) the manner of use of specific paint and paint-related products at the job site; (5) methods of purchasing paint; (6) specific brands of paint purchased; (7) scheduling of maintenance painting; (8) knowledge of health effects related to exposure to benzene; (9) job responsibilities of decedent; (10) job responsibilities of maintenance painters; (11) job responsibilities of paint booth painters; (12) authentication of previously produced documents; (13) contact information of maintenance painters and supervisors during 1959 to 1989; and (14) contact information of paint booth painters and supervisors during 1959 to 1989. (Chrysler Mot, Ex. A).

In response to the subpoena, Chrysler filed this Motion to Quash. In its moving papers, Chrysler repeatedly and unequivocally asserts that it has produced any and all responsive documents within its possession or control and cannot logically be compelled to produce documents it simply does not have. (Dkts. 1, 8.) Chrysler further asserts that it is aware of no current employees with personal knowledge responsive to the requested examination topics – most of which seek information from 30-50 years ago and during a time when AMC was a separate company having nothing to do with Chrysler. (*Id.*) Thus, Chrysler contends that it would impose an undue burden on them to attempt to educate a witness with information it does not have in its possession. Plaintiff, on the other hand, is skeptical that, given OSHA document retention requirements, Chrysler has or can find only approximately 300 pages of documents relating to these topics and argues that,

pursuant to Federal Rule of Civil Procedure 30(b)(6), Chrysler is obligated to educate, and then produce for deposition, one or more employees about these topics.

**2.    Standard**

Under the Federal of Rules of Civil Procedure, the scope of discovery is broad, entitling parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45 permits a party to seek discovery from a non-party. It provides that a subpoena can command a non-party to attend and testify at a deposition and produce designated documents in its possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii).

Upon a timely motion, the Court must quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted. *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. Jul. 28, 2009). Additionally, courts "consider one's status as a nonparty to be a significant factor in the undue-burden analysis." *Id.*

**3.    Analysis**

   *a.    Plaintiff's Request for Documents*

Plaintiff's subpoena seeks a witness to testify about the 14 subject areas described above as well as the production of documents pertaining to those subjects. (Dkt. 1, Chrysler Mot., Ex. A.) The information requested covers the time period 1959 through 1989. Chrysler purchased AMC in 1987 and AMC owned the Kenosha Plant at issue prior to Chrysler's purchase. Plaintiff claims that Chrysler must have possession of the requested records because it is required to maintain them (for 30 years) under OSHA regulations. (Pl. Resp. at ECF 16.) Chrysler, however, seeks to quash

the subpoena with respect to the documents being sought on the ground that any further compliance is simply not possible because it has already produced all responsive documents that are within its possession or control and Rule 45 does not require that it create documents that do not exist. *See Insituform Techs. v. Cat Contr.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996) (Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist."). More specifically, Chrysler asserts that it "has already produced all documents and information it has been able to locate and compile as a result of a reasonable and diligent search of its records. Requiring Chrysler to conduct further investigations would simply be futile because it would command Chrysler to conduct an impossible task." (Chrysler Mot. at ECF 20-21.)

The affidavit of Karen Ridella, the employee Chrysler asserts has the most information about the topics listed in the subpoena, supports Chrysler's claim that it has produced all the documents it has that are responsive to the subpoena. (Dkt. 8, Chrysler Rep., Ex. K.) Specifically, she attests that "I performed a search of Chrysler's records. To the extent documents responsive to this request exist, they have been produced in their entirety," and "I performed a search of Chrysler's records, the search produced no documents responsive to this request, and Chrysler is not aware of any documents responsive to this request." (*Id.*, Ex. J tracking ¶¶ 1-16 of Plaintiff's requests for production of documents.)

Accordingly, based on Chrysler's representations to the Court that is has produced all documents responsive to the subpoena that are within its possession or control, the Court will grant Chrysler's Motion to Quash to the extent the subpoena is seeking further compliance with the document requests.

### b.     *Plaintiff's Request for Deposition Testimony*

Plaintiff has also subpoenaed Chrysler for a Rule 30(b)(6) deposition of a corporate representative to testify about the numerous topics listed in Attachment A to the subpoena. But Chrysler contends that there are no current employees with sufficient knowledge to testify in the manner requested and that it would be an undue burden to try to find former (AMC) employees who could possibly educate a Chrysler employee about these topics. Plaintiff responds that even if none of Chrysler's 52,000 employees has knowledge of the subpoena topics, Chrysler is still obligated to educate a representative to appear for deposition. (Pl. Resp. at ECF 14.)

A nonparty corporation may be subject to a subpoena for deposition testimony in accordance with Federal Rule of Civil Procedure 30(b)(6). *See, e.g., Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 61 (S.D.N.Y. 1998); 8A Charles A. Wright, *et. al.*, *Federal Practice & Procedure* § 2103 (3d ed. 2010) ("The Rule 30(b)(6) procedure is not limited to corporations . . . that are parties to the suit and may be used also with regard to organizations that are not parties."). The Rule provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. *The persons designated must testify about information known or reasonably available to the organization.*

Fed. R. Civ. P. 30(b)(6) (emphasis added). While the designee is not expected to have personal knowledge as to all relevant facts, he or she "must become educated and gain the requested knowledge to the extent reasonably available." *Kelly v. Provident Life & Accident Ins. Co.,* 2011 U.S. Dist. LEXIS 66066 (S.D. Cal. June 20, 2011). And "the designee may become educated by

reasonably obtaining information from documents, past employees, or other sources." *Id.*; *see also United States v. Taylor,* 166 F.R.D. 356, 361-62 (M.D. N.C. 1996) ("Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition."). Thus, the central issue in this Motion is whether the proposed deposition topics seek information that is "reasonably available" to Chrysler such that it is not an undue burden for Chrysler to educate a corporate witness to be deposed.[1]

As mentioned, in support of its Motion to Quash, Chrysler submitted the affidavit of Karen Ridella, its Manager of Toxicology. (Chrysler Rep., Ex. K.) Ms. Ridella has been working for Chrysler since 1983 when she started as an Industrial Hygienist. (*Id.* at ¶ 3.) Ms. Ridella provides short responses to each of the deposition topics set forth in the subpoena. Many of her responses consist of the following:

> I am aware of no other employees at Chrysler with greater knowledge than me on this topic. The information I have on this topic comes from my familiarity of Chrysler's health and safety policies and procedures, which were put in place after Chrysler acquired AMC, as well as my review of the industrial hygiene records applicable to this facility, which were also provided to counsel. I have nothing more to offer than already provided to counsel, and to the best of my

---

[1] One of the cases Chrysler relies on is *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 2002 U.S. Dist. Lexis 14682 (S.D.N.Y. Aug. 8, 2002). But that case dealt with a slightly different issue – whether an entity receiving a 30(b)(6) deposition notice is obligated to produce a witness prepared with its knowledge as well as the knowledge of subsidiaries or affiliates within its control. In *Marvel*, there was no dispute that the subsidiaries possessed the requested information and the party opposing the subpoena made no showing that it would suffer an undue burden acquiring it. Here it is not nearly so clear who has the requested information. Chrysler bought AMC in 1987 and the AMC employees presumably became Chrysler employees. The question raised by Plaintiff's subpoena, therefore, is whether the effort to identify the relevant former employees (from 20-40 years ago) and track them down – assuming they are still alive – makes this information "reasonably available."

> knowledge there is no additional information available at Chrysler.
>
> I am not aware of the frequency or manner of use of paint and paint - related products, nor am I aware of any other employee at Chrysler with knowledge of this topic. I have provided MSDSs that identify the products that were used at the [Kenosha] facility. The MSDSs, however, do not identify the actual locations within the facility the product was utilized, nor do they identify who utilized the product. Chrysler performed a search and there are no current Chrysler employees with knowledge responsive to this paragraph. Thus, I have nothing more to offer than already provided to counsel, and to the best of my knowledge there is no additional information available at Chrysler.

(*See id.* at ¶¶ 1-7.) For some of the topics – like the job tasks and responsibilities of Mr. Schultz and other maintenance or paint-room painters – Ms. Ridella similarly indicates that she does not have responsive information, nor do any other Chrysler employees. (*Id.* at ¶¶ 9-11,). And finally, with respect to Plaintiff's request for contact information for all maintenance painting department employees and paint booth employees from 1959 to 1989 at the Kenosha facility, Ms. Ridella avers: "Chrysler performed a search and there are no current Chrysler employees with knowledge responsive to this paragraph. Chrysler can identify former employees who worked in these departments by way of a written list." (*Id.* at ¶¶ 13-14.) It is these former employees who presumably have the knowledge that would be needed to further educate Ms. Ridella – or some other designee – to testify in depth concerning the subpoena topics.

Chrysler advises, however, that there are over 300 such former employees – some of whom never worked for Chrysler but only for AMC. For some of these former employees, Chrysler can identify their job positions/classifications, years of employment, and last known contact information. During oral argument, counsel for Chrysler advised the Court that in the course of preparing her affidavit, Ms. Ridella spoke with current Chrysler employees and some retirees, but counsel did not believe that she contacted any of these 300 former employees that might have information to educate

her about the topics in the subpoena. The Court finds that the burden of locating and interviewing these 300 people to see if they have information responsive to the subpoena is undue and does not make this information "reasonably available" to Chrysler. *See* Fed. R. Civ. P. 30(b)(6) and 45(c)(3)(A)(iv). However, the Court does not find it to be an undue burden to require Chrysler to make a reasonable, good-faith effort to contact the five (5) former employees it thinks are the most likely to have the information needed to educate Ms. Ridella about the subpoena topics. To the extent this effort is not fruitful, Chrysler has agreed to provide the chart of the former employees to the Plaintiff – including names, last-known contact information and certain other employment information – such that Plaintiff is free to contact these people and try to obtain the information requested in the subpoena.

Thus, the Court will order that in response to the subpoena, Chrysler produce this list of 300 former AMC or Chrysler employees to Plaintiff. The Court will further order that Plaintiff be permitted to depose Ms. Ridella concerning her affidavit responses and any information she learns from the five former employees because she has been identified as the Chrysler employee most knowledgeable about the relevant deposition topics as well as the documents that have been produced.

**4.     Conclusion**

For these reasons, as well as those discussed during the oral argument, the Court **GRANTS** Non-Party Chrysler's Motion to Quash the Subpoena with respect to the document requests, but **DENIES** the Motion to the extent it seeks to preclude Plaintiff from taking any depositions concerning the topics in the subpoena. Plaintiff is permitted to depose Karen Ridella, at a date and time to be mutually agreed upon by counsel, concerning the responses in her affidavit, as well as anything she is able to learn from the five former employees that Chrysler is directed to contact, and,

as part of that deposition, Chrysler is to provide Plaintiff with the written list identified in paragraphs 13 and 14 of Ms. Ridella's affidavit.

**IT IS SO ORDERED**.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES MAGISTRATE JUDGE

Dated: September 16, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 16, 2011.

                                        s/Jane Johnson
                                        Deputy Clerk